IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| SHAWN E. GRENKE,<br><br>Plaintiff<br><br>v.<br><br>PA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:26-CV-00175-SPB-RAL<br><br>SUSAN PARADISE BAXTER<br>United States District Court<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>REPORT AND RECOMMENDATION |

I. Recommendation

It is respectfully recommended that that this action be remanded to the Court of Common Pleas of Erie County because Plaintiff's Notice of Removal [ECF No. 1] was improperly filed.

II. Report

A. Background

Plaintiff Shawn E. Grenke initiated this action by filing a document styled a "Motion to Remove." ECF No. 1. From the documents attached to his motion, it appears that Plaintiff filed an action in the Court of Common Pleas of Erie County after he sustained an injury from an allegedly improperly maintained electrical outlet in his prison cell. ECF No. 1-8. Plaintiff now maintains that he meant to file that action in federal court but was misled into filing it in state court

after receiving bad information from staff at the prison's law library. ECF No. 1-1. Invoking 28 U.S.C. § 1446(d), Plaintiff now seeks to remove his own state civil action to federal court. *Id.*

B. Standard

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," her pleading is subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

C. Analysis

The law is clear that a plaintiff cannot remove his own state court action to federal court. *See*, *e.g.*, *Abulkhair v. Liberty Mut. Ins. Co.*, 379 Fed. Appx. 130, 132 (3d Cir. 2010) ("[A] plaintiff may not remove an action to federal court."); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343 n. 4 (3d Cir.1974) ("[I]t is axiomatic that a plaintiff may not remove an action to federal court.")). Under such circumstances, a district court "lack[s] subject matter jurisdiction over the removed action, and, as such, remand [is] required." *Id.* (citing *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir.1997) ( "Upon a determination that a federal court lacks subject-matter jurisdiction over a particular action, ... § 1447(c) mandates that the matter be remanded to the state court from which it was removed.")). That course of action is recommended here

III. Conclusion

For the reasons set forth above, it is respectfully recommended that this action be remanded to the Court of Common Pleas of Erie County.

IV. Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 23rd day of July, 2026.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge